UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP,[1] in his official capacity as President of the United States, <br><br> Defendant. | No. 9:25-cv-10 <br><br><br> **DEFENDANT'S ANSWER** |

Defendant Donald J. Trump, in his official capacity as President of the United States, through counsel, answers the Complaint filed in this case, ECF No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendant does not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendant denies those allegations. Defendant denies each and every allegation in the Complaint that is not specifically admitted in this Answer.

## INTRODUCTION

1. The allegations in the first sentence characterize an executive order and White House Fact Sheet issued by the prior President, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied. The allegations in the second sentence characterize court opinions,

---

[1] President Trump is substituted for his predecessor in office pursuant to Federal Rule of Civil Procedure 25(d).

1

which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced opinions, they are denied.

2. The allegations in the first sentence of Paragraph 2 characterize a January 6, 2025, Presidential Memorandum which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced memorandum, they are denied. Defendant admits the allegations in the second sentence of Paragraph 2.

3. The allegations in the first and third sentences of Paragraph 3 are legal conclusions, to which no response is required; to the extent a response is required, they are denied. The allegations in the second sentence of Paragraph 3 characterize a provision in the Constitution, U.S. Const. art. IV, § 3, cl. 2, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced provision, they are denied.

4. The allegations in the first sentence of Paragraph 4 characterize a provision of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1341(a), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied. The allegations in the second sentence of Paragraph 4 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

5. Defendant denies the allegations in Paragraph 5.

## PARTIES

6. Defendant admits the allegations in the first, second, and fourth sentences of Paragraph 6. The allegations in the third sentence of Paragraph 6 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore they are denied.

8. Defendant denies the allegations in the first sentence of Paragraph 8 and aver that Donald J. Trump is the President of the United States. Defendant admits the allegations in the second sentence of Paragraph 8.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

10. The allegations in the first sentence, enumerated as (1) – (3), in Paragraph 10 are conclusions of law to which no response is required; to the extent a response is required, they are denied. The allegation in the first sentence under (4) is denied.

## BACKGROUND

11. The allegations in Paragraph 11 characterize article IV, section 3 of the U.S. Constitution and OCSLA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the U.S. Constitution or the statute, they are denied.

12. The allegations in Paragraph 12 characterize OCSLA and court opinions, which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute or the opinions, they are denied.

13. The allegations in Paragraph 13 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

14. The allegations in Paragraph 14 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

15. The allegations in Paragraph 15 characterize Pub. L. No. 109-432, 120 Stat. 3001, which established a moratorium on new oil and gas leases in certain areas of the Gulf of America, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute and the referenced leasing moratorium, they are denied.

16. The allegations in Paragraph 16 characterize a memorandum issued by President Trump on September 8, 2020, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced memorandum, they are denied.

17. The allegations in Paragraph 17 characterize a memorandum issued by President Biden on January 6, 2025 and a fact sheet, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memorandum and fact sheet, they are denied.

18. The allegations in Paragraph 18 characterize a memorandum issued by President Biden on January 6, 2025, and a fact sheet, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memorandum and fact sheet, they are denied.  The allegations in Paragraph 18 are also legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19, and therefore they are denied. The allegations in the second sentence of Paragraph 19 characterize a 2024 Annual Energy & Economic Impact Report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

20. The allegations in Paragraph 20 characterize U.S. Department of the Interior, National Resources Revenue Data websites, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the websites, they are denied.

21. The allegations in the first and second sentences of Paragraph 21 characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced opinions, they are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore they are denied.

## CLAIM FOR RELIEF

22. Defendant incorporates by reference the responses to all preceding paragraphs.

23. The allegations in Paragraph 23 are legal conclusions, to which no response is required; to the extent a response is required, they are denied.

24. The allegations in Paragraph 24 characterize OCSLA and its legislative history, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute or legislative history, they are denied.

25. The allegations in Paragraph 25 are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

26. The allegations in the first sentence of Paragraph 26 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied. Defendant denies the remaining allegations in Paragraph 26.

27. The allegations in Paragraph 27 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

28. Defendant incorporates by reference the responses to all preceding paragraphs.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

30. The allegations in Paragraph 30 characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced opinions, they are denied.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

33. The allegations in first, second, third, and fifth sentences of Paragraph 33 are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations. The allegations in the fourth sentence of Paragraph 33 characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced opinions, they are denied.

34. Defendant denies the allegations in Paragraph 34.

## PRAYER FOR RELIEF

35. The allegations in Paragraph 35 are a request for relief from the Court to which no response is required; to the extent a response is required, they are denied.

## **GENERAL DENIAL**

Defendant denies any allegations of Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## **AFFIRMATIVE DEFENSES**

1. The court lacks jurisdiction over Plaintiffs' claims.

2. Plaintiffs have failed to state a claim for which relief can be granted.

WHEREFORE, Defendant respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendant, and grant Defendant such other relief as the Court deems appropriate.

Respectfully submitted this 31st day of March 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Luther L. Hajek*
LUTHER L. HAJEK (CO Bar # 44303)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
Tel: (303) 844-1376 / Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Counsel for Defendant*