UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>     *Plaintiffs*,<br><br> v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States<br><br>     *Defendant*,<br> and<br><br>FRIENDS OF THE EARTH, et al.,<br>     *Intervenor-Defendants*. | Case No. 9:25-cv-00010 |

## CONSERVATION GROUPS' ANSWER IN INTERVENTION

  Intervenor-Defendants Friends of the Earth, Healthy Gulf, Oceana, and Turtle Island Restoration Network (collectively, "Conservation Groups"), through counsel, answer the Complaint in this case filed January 20, 2025 (ECF No. 1), as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Conservation Groups deny each and every allegation in the Complaint, including any allegations contained in headings and subheadings, that is not specifically admitted in this Answer.

  1. The allegations in Paragraph 1 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

  2. The allegations in Paragraph 2 purport to characterize a memorandum issued by President Biden on January 6, 2025, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to their plain language, meaning,

and context. To the extent a response may be required to any remaining allegations, Conservation Groups deny.

3. The allegations in Paragraph 3 are a mix of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response may be required, Conservation Groups deny.

4. The allegations in the first sentence of Paragraph 4 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to the plain language, meaning, and context. The allegations in the second sentence of Paragraph 4 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

5. The allegations in Paragraph 5 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

## THE PARTIES

6. Conservation Groups admit that Texas is a State of the United States and that Ken Paxton is the Attorney General of the State of Texas. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny.

7. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny.

8. Conservation Groups deny that Joseph R. Biden Jr. is the President of the United States and aver that Donald J. Trump is the President of the United States. The second sentence of Paragraph 8 is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

10. The allegations in Paragraph 10 are primarily legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny. Conservation Groups deny the factual allegation in part "(4)" that a substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred and will continue to occur within this judicial district. As to any further factual allegations in Paragraph 10, Conservation Groups lack knowledge or information sufficient to form a belief as to their truth and therefore deny.

## BACKGROUND

### A. Outer Continental Shelf Lands Act

11. Conservation Groups admit that Congress originally passed OCSLA in 1953. The remainder of Paragraph 11 purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

12. The allegations in Paragraph 12 purport to characterize OCSLA and a court decision, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

13. Paragraph 13 purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

14. Paragraph 14 purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

### B. Prior, Temporary Withdrawals of the Eastern Gulf of Mexico

15. Paragraph 14 purports to characterize GOMESA, a statute which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context. Conservation Groups admit that the map reproduced in Paragraph 14 displays the areas covered by GOMESA.

16. Paragraph 15 purports to characterize the memorandum issued by President Donald J. Trump on Sept. 8, 2020, which speaks for itself and is the best evidence of its contents. To the extent that a response may be required, Conservation Groups deny.

### C. President Biden's Unlawful Permanent Withdrawal

17. Conservation Groups admit that President Biden issued a memorandum on January 6, 2025, exercising his authority under OCSLA to withdraw certain areas of the Outer Continental Shel ("OCS") from oil and natural gas leasing. The remaining allegations in Paragraph 17 characterize President Biden's January 6, 2025 memodandum, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

18. The allegations in Paragraph 18 purport to characterize President Biden's January 6, 2025 memorandum exercising his authority under OCSLA to withdraw certain areas of the OCS from oil and natural gas leasing, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

### D. The Permanent Withdrawal Harms Plaintiffs

19. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentecnes of Paragraph 19 and therefore deny. The alegations in the third sentence purport to characterize a report, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

20. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20 and therefore deny. The second sentence in Paragraph 20 purports to characterize GOMESA, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to its plain language, meaning, and context. The allegations in the thids sentence purport to chacarterize government data, which speaks for itself and is the best evidence of its content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

21. The allegations in the first and second sentences of Paragraph 21 are legal conclusions to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response is required to any factual statements, Conservation Groups deny. The remaining allegations in Paragraph 21 are a mix of legal conclusions which do not require a response and other allegations for which Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny.

## CLAIM FOR RELIEF

### Violation of the OCSLA – Exceeding Statutory Authority
### <u>Ultra Vires</u>

**A. The Withdrawal Memorandum Exceeds the Authority Granted to the President by the Plain Text of OSCLA [sic].**

22. Conservation Groups incorporate by reference their responses to the preceding paragraphs.

23. The allegations in Paragraph 23 are a mix of legal conclusions, to which no response is required, and purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

24. Paragraph 24 purports to characterize OCSLA and its legislative history, which speak for themselves and is the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

25. The allegations in Paragraph 25 are a mix of legal conclusions, to which no response is required, and purport to characterize court decisions and OCSLA, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' and OCSLA's language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

26. The allegations in Paragraph 26 are a mix of legal conclusions, to which no response is required, and purport to characterize OCSLA, which speak for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary OCSLA's language,

meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

**B. The Major Questions Doctrine Further Demonstrates why the Withdrawal Memo Violates OSCLA [sic]**

28. Conservation Groups incorporate by reference their responses to the preceding paragraphs.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. Paragraph 29 also cites an NBC News article, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to the article's language, meaning, and context. To the extent a response may be required, Conservation Groups deny.

30. The allegations in Paragraph 30 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

31. The allegations in Paragraph 31 are a mix of legal conclusions, to which no response is required, and purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to this decisions' language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

32. The allegations in Paragraph 32 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions and OCSLA, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' and OCSLA's language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

33. The allegations in Paragraph 33 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

## GENERAL DENIAL

Conservation Groups deny any allegations of the Complaint, whether express or implied, that are not expressly admitted in this Answer. Conservation Groups further deny that Plaintiffs are entitled to any relief, including, but not limited to, the relief prayed for in Paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to satisfy conditions precedent to bringing some or all of their claims under applicable law.

2. Some or all of Plaintiffs' claims are moot.

3. Plaintiffs lack standing to bring some or all of their claims.

4. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

5. Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

6. Plaintiffs have not filed this case in a proper venue.

7. Conservation Groups incorporate by reference all defenses raised by any other Defendants in this case.

WHEREFORE, Conservation Groups respectfully request that the Court dismiss the Complaint with prejudice, enter judgement in favor of Defendants, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of April, 2025.

/s/ Rebecca Ramirez
Rebecca Ramirez (TX Bar #24126749)
EARTHJUSTICE
845 Texas Ave., Suite 200
Houston, TX 77002
281-698-7557 | Telephone
rramirez@earthjustice.org

Brettny Hardy (*pro hac vice* forthcoming)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
415-217-2000 | Telephone
bhardy@earthjustice.org

Benjamin P. Chagnon (*pro hac vice* forthcoming)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
202-745-5210 | Telephone
bchagnon@earthjustice.org

Lauren E. Godshall (TX Bar #24050668)
EARTHJUSTICE
1505 Colony Place
Metairie, LA 70003

773-828-0836 | Telephone
lgodshall@earthjustice.org

*Counsel for Applicant-Intervenor-Defendants*
*Friends of the Earth, Healthy Gulf, Oceana, and*
*Turtle Island Restoration Network*

10