IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

STATE OF TEXAS,
by and through its Attorney General, Ken
Paxton; and W&T OFFSHORE, INC.,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States,

*Defendant*.

Civil Action No. 9:25-cv-10

---

## JOINT CONFERENCE REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now the Parties in the present lawsuit and present this Joint Conference Report in the above-entitled and numbered cause, respectfully showing the following:

1.  Legal Synopsis

On January 20, 2025, Plaintiffs State of Texas and W&T Offshore, Inc., filed suit against President Joseph R. Biden, Jr., in his official capacity as President of the United States, challenging a January 6, 2025 Presidential Memorandum, withdrawal of specific areas of the United States Outer Continental Shelf ("OCS") from oil or gas leasing. ECF No. 1. Plaintiffs allege that the Presidential Memorandum at issue goes outside the scope and authority granted under the Outer Continental Shelf Lands Act.

Donald J. Trump, in his official capacity as President of the United States, filed an answer to the lawsuit on March 31, 2025. ECF No. 5.

Friends of the Earth, Healthy Gulf, Oceana, and Turtle Island Restoration Network ("Intervenors") filed an opposed Motion to Intervene on April 28, 2025. ECF No. 8.

The Court, by Order dated June 18, 2025, granted the Intervenors Motion. Since that date, the Parties have exchanged Initial Disclosures and anticipate that the matters may be tried by legal argument as a matter of law.

2.  Jurisdictional Basis for Suit

Plaintiffs contend this Court has subject-matter jurisdiction over this case because it arises under the laws of the United States. See 28 U.S.C. §§ 1331, 1346, 1361. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a), and this Court may grant declaratory relief, injunctive relief, and other relief under 28 U.S.C. §§ 2201–02 and its inherent equitable powers. Intervenors and Defendants reserve the right to challenge jurisdiction as to one or more of Plaintiffs' claims.

3.  Related Cases

A case challenging the same withdrawal, and another withdrawal of areas of the OCS off the coast of Alaska, was brought by the State of Louisiana, several other states, the American Petroleum Institute, and the Gulf Energy Alliance in the Western District of Louisiana. *See* Compl., *Louisiana v. Trump*, No. 2:25-cv-71 (W.D. La. Jan. 17, 2025), ECF No. 1. In addition, several environmental groups, including some of the groups who have intervened in this case, sued in the District of Alaska challenging President Trump's rescission of President Biden's withdrawals. *See* Compl., *N. Alaska Envtl. Ctr. v. Trump*, No. 3:25-cv-38 (D. Alaska Feb. 19, 2025), ECF No. 1 ("*NAEC* Compl.").

4.  Initial Disclosures

The Parties have served Initial Disclosures as directed by the Court. In providing disclosures, Intervenors objected that this case does not require discovery because the claims are purely legal and the relevant facts are contained in publicly available documents. Plaintiffs have represented that additional discovery may prove unnecessary: They have not yet identified

additional requests for discovery, and they may not have any. Defendants do not anticipate seeking discovery, but reserve the right to do so, if necessary. Accordingly, the Parties agree that Intervenors preserve their objection to discovery, but that they will not raise it unless it becomes necessary if Plaintiffs or Defendant seek additional discovery per the schedule in Section 4, below. The Parties further agree that if discovery does occur, it would be limited to requests for production and requests for admission.  There will be a limit of ten requests for production.

5. <u>Proposed Scheduling Deadlines</u>

No expert designations are anticipated.

No new parties are anticipated.

No amended pleadings are anticipated.

No depositions are anticipated.

No final trial is anticipated; all Parties anticipate the matter may be terminated by dispositive motion. Two sets of motions are anticipated: (1) Intervenors intend to raise threshold issues in a motion for judgment on pleadings under Federal Rule of Civil Procedure 12(c); (2) The parties will file staggered cross-motions for summary judgment.

The Parties, after conference on July 24, 2025, propose the following deadlines:

| | |
|---|---|
| August 13, 2025 | Deadline for Motions to Transfer. |
| August 25, 2025 | Deadline for Intervenors to file any motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). |
| September 5, 2025 | Deadline to serve any additional discovery requests, which the Parties agree are limited to requests for production and requests for admission. |
| October 10, 2025 | Deadline for Plaintiffs or Defendant to file any response to Intervenors' motion for judgment on the pleadings. |
| October 24, 2025 | Deadline for Intervenors to file any reply in support of their motion for judgment on the pleadings. |
| October 24, 2025 | Deadline to reply to any additional discovery requests, assuming any objections are resolved. |

| October 24, 2025 | End of discovery period, assuming any objections are resolved. |
| November 14, 2025 | Deadline for Plaintiffs' Motion for Summary Judgment. |
| January 9, 2026 | Deadline for Defendant's Opposition to Plaintiffs' Motion and Defendant's Cross-Motion for Summary Judgment. |
| January 16, 2026 | Deadline for Intervenors' Opposition to Plaintiffs' Motion and Intervenors' Cross-Motion for Summary Judgment |
| February 2, 2026 | Deadline for Plaintiffs to file any Reply in support of their Motion and Opposition to Defendant and Defendant-Intervenors' Cross-Motions for Summary Judgment. |
| February 27, 2026 | Deadline for Defendant to file any Reply in Support of its Cross-Motion for Summary Judgment. |
| March 6, 2026 | Deadline for Intervenors to file any Reply in Support of their Cross-Motion for Summary Judgment. |

Dated: July 31, 2025.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100
Respectfully submitted,

RYAN G. KERCHER
Chief, Special Litigation Division
Texas State Bar No. 24060998

WESLEY S. WILLIAMS
(Application Pending)
Assistant Attorney General
Texas State Bar No. 24108009

ZACHARY BERG
Special Counsel
Texas State Bar No. 24107706

*/s/Steven B. Loomis*
STEVEN B. LOOMIS
Special Counsel
Texas Bar No. 00793177

Ryan.Kercher@oag.texas.gov
Wesley.Williams@oag.texas.gov
Zachary.Berg@oag.texas.gov
Steven.Loomis@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

Respectfully Submitted,

GEORGE J. HITTNER
Executive Vice President and General Counsel
Texas State Bar No. 24038959

RALPH E. IMPERATO
Vice President and Deputy General Counsel
Tex. State Bar No. 24038112

W&T OFFSHORE, INC.
5718 Westheimer Rd, Ste. 700
Houston, Texas 77057
(713) 626-8525
ghittner@wtoffshore.com
timperato@wtoffshore.com

YASSER A. MADRIZ
Texas State Bar No. 24037015
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, Texas 77002
(832) 255-6361
ymadriz@mcguirewoods.com

COUNSEL FOR W&T OFFSHORE, INC.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Luther L. Hajek (with permission)*
LUTHER L. HAJEK (CO Bar # 44303)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th Street, South Terrace – Suite 370
Denver, CO 80202
Tel: (303) 844-1376 / Fax: (303) 844-1350
luke.hajek@usdoj.gov

COUNSEL FOR DEFENDANT

*/s/ Rebecca Ramirez (with permission)*
**Rebecca Ramirez** (TX Bar #24126749)
EARTHJUSTICE
845 Texas Ave., Suite 200
Houston, TX 77002
281-698-7557 | Telephone
rramirez@earthjustice.org

**Brettny Hardy** (*pro hac vice* forthcoming)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
415-217-2000 | Telephone
bhardy@earthjustice.org

**Benjamin P. Chagnon** (*pro hac vice*
forthcoming)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
202-745-5210 | Telephone
bchagnon@earthjustice.org

**Lauren E. Godshall** (TX Bar #24050668)
EARTHJUSTICE
1505 Colony Place
Metairie, LA 70003
773-828-0836 | Telephone
lgodshall@earthjustice.org

ATTORNEYS FOR INTERVENOR-DEFENDANTS
FRIENDS OF THE EARTH, HEALTHY GULF,
OCEANA, AND TURTLE ISLAND
RESTORATION NETWORK

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 31, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Steven B. Loomis*
STEVEN B. LOOMIS